*446 OPINION of the Court, by
Ch. J, BeYiEv
“-Thia was an action ®f detinue for sundry slaves taken and *447 sold as the property of Josiali Pitts, in virtue of various executions issued against his estate at the suit of his creditors. The defendant holds the slaves as the purchaser at the sale made By the sheriff, and the plaintiffs claim them under a deed of conveyance made to them by Pitts of all his real and personal estate, intrust, tobe sold and applied by them to the payment of his debts.
The only question presented by the record is, whether, under the circumstances of the case, the deed of tru^ is fraudulent and void as to creditors or not ?
That it is, we think evident — 1st, Because Pitts was deeply involved in debt, and many of his creditors had manifested a determination to coerce the collection of their debts, and had actually obtained judgments against him when the deed of trust was executed. The inevitable tendency, therefore, of the deed, must have been to hinder and delay those creditors of their just and lawful remedies for the collection of their debts.
2d. Because the creditors of Pitts were neither parties to the deed, nor did they or any of them consent to its execution.
3d. Because the deed contains no covenant on the part of the trustees that they would sell and dispose of the estate for the purposes therein mentioned. On the contrary, it contains a stipulation that they should not be accountable for any property which did not actually come to their possession.
4th. Because the property remained in the possession of Pitts, continued to be used and enjoyed by him as bis own, and apart thereof was thereafter sold by him, with a conveyance attested by one of the trustees as a witness.
Without deciding what would be the effect of either of those circumstances, taken separately, we can have no doubt when united’that they are sufficient to justify the conclusion that the deed is in law fraudulent, and therefore void.
Judgment affirmed with costs.